UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY EUGENE McCOY, CDCR #BN-6712,<br><br>                               Plaintiff,<br><br>v.<br><br>PHA C. LE, DO, Physician; KERI L. LONDON, MD; PALOMAR MEDICAL CENTER,<br><br>                              Defendants. | Case No.: 3:21-cv-1755-BAS-LL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES** |

Plaintiff Ricky Eugene McCoy, a state inmate currently incarcerated in Calipatria State Prison located in Calipatria, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he filed a "Request to Waive Court Fees" on a Judicial Council of California Mandatory Form, which the Court liberally construes as his Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

//

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

//

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

While Plaintiff seeks leave to proceed IFP, he has not attached a certified copy of his CDCR Inmate Statement Report for the six-month period immediately preceding the filing of his Complaint.[2]  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2.  Section 1915(a)(2) clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2) (emphasis added).  Without these certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of this case.  *See* 28 U.S.C. § 1915(b)(1).

## II.   Conclusion and Order

For this reason, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP (ECF No. 2) is **DENIED** and the action is **DISMISSED** without prejudice for failure to prepay the $402 civil filing fee required by 28 U.S.C. §§ 1914(a);

(2) Plaintiff is **GRANTED** forty-five (45) days from the date this Order in which to re-open his case by either:  (a) prepaying the entire $402 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed Motion to Proceed IFP, **which includes a prison certificate, signed by a CAL trust accounting official attesting as to his trust**

---

[2] Plaintiff has included a single page of his CDCR Inmate Statement Report that shows an available balance of only $1.43 in his account as of September 27, 2021.  (*See* ECF No. 2 at 3.)  However, this Report does not include any accounting of his inmate deposits or balances for the six-month period preceding the filing of his Complaint (April–September 2021), as required by 28 U.S.C. § 1915(a)(2).  Plaintiff alleges he was first "taken into custody on 1/16/21," and the CDCR's Inmate Locator reflects a CDCR admission date of 3/30/21; therefore a full six-month history of his trust account records are available to him. (*See* Compl. at 3.)  *See also* https://inmatelocator. cdcr.ca.gov/Details. aspx?ID=BN6712 (last visited Oct. 19, 2021).  The Court may take judicial notice of public records available on online inmate locators.  *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Pacheco v. Diaz*, 2019 WL 5073594 at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system); *Foley v. Martz*, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (same).

**account balances and deposits and/or a certified copy of his CDCR Inmate Statement Report for the six-month period preceding the filing of his Complaint** pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and

(3) The Clerk of the Court is **DIRECTED** to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his use and convenience.  But if Plaintiff neither pays the $402 civil filing fee in full nor sufficiently completes and files a renewed Motion to Proceed IFP with a certified copy of his six-month trust account statements within 45 days, this case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

**Dated: November 19, 2021**

**Hon. Cynthia Bashant**
**United States District Judge**