UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY EUGENE McCOY, CDCR #BN-6712,<br><br>                          Plaintiff,<br><br>  vs.<br><br>PHA C. LE, DO, Physician;<br>KERI L. KONDON, MD;<br>PALOMAR MEDICAL CENTER,<br><br>                          Defendants. | Case No.:  21-cv-01755-BAS-AHG<br><br>**ORDER:**<br><br>**1)  GRANTING RENEWED MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 7]**<br><br>**AND**<br><br>**2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b) [ECF No. 1]** |

Plaintiff Ricky Eugene McCoy, incarcerated at Calipatria State Prison ("CAL"), and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, "Compl.".)  On January 16, 2021, as McCoy was taken into police custody, he reported to the police officer that he had fentanyl in his rectum.  He was transported to Palomar Medical Center in Escondido, California, for treatment and alleges that two doctors failed to provide him adequate medical attention.  (*Id.* at 2, 3.)  He seeks $20,000 in compensatory and punitive damages.  (*Id.* at 7.)

## I. PROCEDURAL HISTORY

McCoy did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he filed a "Request to Waive Court Fees" on a Judicial Council of California Mandatory Form, which the Court liberally construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.) On November 22, 2021, the Court denied McCoy's IFP Motion because he failed to attach copies of his trust account statements as required by 28 U.S.C. § 1915(a)(2), but granted leave to correct that deficiency. (*See* ECF No. 6.) McCoy has since responded by filing a renewed Motion to Proceed IFP, this time attaching the certified prison trust account documentation missing from his prior attempt. (*See* ECF No. 7.).

## II. RENEWED MOTION TO PROCEED IN FORMA PAUPERIS

As McCoy now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, prisoners remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

To qualify, § 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his renewed IFP Motion, McCoy has submitted a prison certificate certified by a CAL Trust Account Officer attesting as to his trust account transactions, deposits, and balances for the 6-month period preceding the filing of his Complaint. (*See* ECF No. 7 at 4.) *See also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This certificate shows McCoy carried an average monthly balance of $100.85, and had $77.99 in average monthly deposits credited to his account over that time. Nevertheless, McCoy had only $.18 to his credit at the time of filing. (*See* ECF No. 7 at 4.)

Therefore, the Court **GRANTS** McCoy's renewed Motion to Proceed IFP (ECF No. 7) and declines to assess any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment

is ordered."). Instead, the Court **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(2).

### III.   SCREENING

#### A.   Standard of Review

Because McCoy is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted);

*Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.  Factual Allegations

On January 16, 2021, while he was being "taken into custody," McCoy claims to have informed an unidentified police officer that he had placed fentanyl in his rectum. (*See* Compl. at 3.) McCoy alleges he was then transported to the Palomar Medical Center Emergency Room and "placed in a bed and left in a hallway." (*Id.*) He contends he was "not seen by any doctor[,] given any ex-rays, . . . the choice for a laxative[,] or provided any treatment at all." (*Id.*) McCoy claims he was cleared after a "couple hours," and sent to jail where during "the next day or 2" the drugs were "found in [his] cell[,]" and he was "charged." (*Id.*) McCoy concludes that he "could have died d[ue] the lack of treatment," and alleges Defendants Le and London, whom he identifies as doctors at Palomar, and Palomar Medical Center itself, violated his "right to medical care" and his right to be free from "cruel and unusual punishment." (*Id.*)

### C.  Discussion

#### 1.  42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). But it is not merely a "font of tort law." *Parratt v. Taylor*, 451 U.S. 527, 532 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights

elsewhere conferred.") (internal quotation marks and citations omitted).

Therefore, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

### 2. State Action

First, to the extent McCoy seeks to sue Palomar Medical Center, Dr. Le, and Dr. London, his Complaint fails to state a claim upon which § 1983 relief may be granted because none of these parties is alleged to have acted "under color of state law" on January 16, 2021. "[I]n a § 1983 action . . . the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state[.]" *Id.* "Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* "While the second *Lugar* prong 'does not restrict the application of the Constitution solely to governmental entities,'" *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 838 (9th Cir. 2017) (citation omitted), "a private party's actions must be 'properly attributable to the State.'" *Id.* (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

Private hospitals like Palomar Medical Center and doctors employed there like Defendants Le and London, are not generally considered state actors amenable to suit under § 1983. *See Briley v. California*, 564 F.2d 849, 855–856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."); *see also Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970–71 (7th Cir. 2016); *Fonseca v. Kaiser Permanente Med. Ctr. Roseville*, 222 F. Supp. 3d 850, 862 (E.D. Cal. 2016) ("[Even though doctors' services are 'affected with a public interest,' the same may be said of many

professions, and this does not automatically convert their every action into an action of the state.") (citation omitted).

Defendants' conduct, here, could qualify as state action. For instance, courts have found state action where medical providers contracted directly with the State or municipality to provide medical services to indigents, *and* the injured prisoner was committed to the providers' care while in state custody. *See West*, 487 U.S. at 53–54; *cf. Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (finding state action where hospital was alleged to have "contract[ed] with the state . . . to provide medical services to indigent citizens"); *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) ("A private . . . hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983."). McCoy's pleading, however, contains no allegations regarding state action. Instead, his relevant allegations include (1) that he was "transported" to Palomar Medical Center by police, and "taken to jail" afterward, (Compl, at 3), (2) that Dr. Lee "showed a clear disregard to provide [him] proper medical treatment" (Compl. at 2) and (3) that Dr. London, "failed to instruct her staff and herself to provide proper medical treatment," *(Id.)*. Without more, McCoy's Complaint fails to allege facts sufficient to plausibly demonstrate Defendants' acts or omissions on January 16, 2021, were attributable to the state. *See Flagg*, 436 U.S. at 156, *see also Sliwinski v. Maysent*, No. 3:18-CV-2653-CAB-RBB, 2019 WL 581720, at *4 (S.D. Cal. Feb. 13, 2019) (*sua sponte* dismissing inadequate medical care claims against UCSD Hospital employees who treated arrestee prior to booking in county jail due to lack of state action pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A).

3. **Constitutional Violation**

Second, "[t]he Cruel and Unusual Punishments Clause 'was designed to protect those convicted of crimes,'" and therefore it "applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.'" *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (quoting *Ingraham v. Wright*, 430 U.S. 651,

671 (1977)).  Here, McCoy claims that he was transported to Palomar after he informed an unidentified police officer that he had "place[d] fentanyl in [his] rectum." (*See* Compl. at 3.)  While he is currently incarcerated at CAL, he does not allege to have been convicted of any offense prior to January 16, 2021.  Therefore, the Eighth Amendment's prohibition of cruel and unusual punishments does not apply—even *if* Defendants were alleged to have acted under color of state law. *See Whitley*, 475 U.S. at 318.

Finally, each of McCoy claims that Palomar Medical Center doctors (1) disregarded his needs and (2) failed to provide adequate emergency room care, sound in negligence and/or medical malpractice. *See Davidson v. Cannon,* 474 U.S. 344, 347 (1986) (that a plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections). "The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (citing *Smith v. City of Fontana*, 818 F.2d 1411, 1418, n. 9 (9th Cir. 1987) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official . . .") (citation and internal quotation marks omitted) (emphasis original).

Instead, a pretrial detainee's claim of denial of the right to adequate medical care is analyzed under an objective deliberate indifference standard. *See Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018); *see also Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021).  In order to plead a plausible claim for relief under the Fourteenth Amendment, McCoy must also allege facts sufficient to plausibly show: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's

injuries." *Gordon*, 888 F.3d at 1125.

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro v. City of Los Angeles,* 833 F.3d 1060, 1071 (9th Cir. 2016)). Specifically, a plaintiff must allege "more than negligence but less than subjective intent—something akin to 'reckless disregard.'" *Id.* (quoting *Castro*, 833 F.3d at 1071). The "mere lack of due care," as McCoy alleges here, is insufficient. *Id.* (internal quotation omitted); *see also Hopper v. Cnty. of Riverside*, 2018 WL 6092563, at *4 (C.D. Cal. Nov. 20, 2018) (*sua sponte* dismissing civil detainee's claims that medical official performed only a "perfunctory physical examination," "declined to order diagnostic tests" and, "disregarded complaints of pain" insufficient to meet Fourteenth Amendment's objective deliberate indifference standards pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A).

Accordingly, the Court finds McCoy's Complaint fails to state a claim upon which § 1983 relief can be granted, and it must therefore be **DISMISSED** *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *Williams*, 875 F.3d at 502; *Rhodes*, 621 F.3d at 1004.

### 4. Leave to Amend

In light of his pro se status, the Court also **GRANTS** McCoy leave to amend all the pleading deficiencies it has identified, if he can. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION AND ORDER

Accordingly, the Court:

1. **GRANTS** McCoy's renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 7).

2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from McCoy's trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Alison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic version to trusthelpdesk@cdcr.ca.gov.

4. **DISMISSES** McCoy's Complaint *sua sponte* and in its entirety based on his failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** McCoy sixty (60) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. McCoy's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If McCoy fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state

a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

**Dated: March 25, 2022**

Hon. Cynthia Bashant
United States District Judge