UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY EUGENE McCOY, CDCR #BN-6712,<br><br>Plaintiff,<br><br>vs.<br><br>PHA C. LE, DO; KERI L. KONDON, MD; PALOMAR MEDICAL CENTER,<br><br>Defendants. | Case No. 21-cv-01755-BAS-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Plaintiff Ricky Eugene McCoy, incarcerated at Calipatria State Prison and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 8, 2021. (*See* Compl. 1, ECF No. 1.)  Plaintiff claimed that two doctors employed by the Palomar Medical Center in Escondido, California, failed to provide him adequate medical attention when he was taken into police custody and then hospitalized because he reported to an officer that he had placed fentanyl in his rectum. (*Id.* at 2, 3.)  He sought $20,000 in compensatory and punitive damages. (*Id.* at 7.)

**I.  Procedural History**

On November 22, 2021, the Court denied Plaintiff's initial motion to proceed in forma pauperis ("IFP") because he failed to include the trust account statements required by 28 U.S.C. § 1915(a)(2). (*See* ECF No. 6.)  The Court granted him leave to correct the omission. (*Id.*)  Plaintiff later filed a renewed motion, and on March 25, 2022, the Court

granted him leave to proceed IFP, but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 9.) The Court advised Plaintiff of his pleading deficiencies and granted him 60 days—or until May 25, 2022—to file an amended complaint to cure the deficiencies. (*Id.* at 6–9.) The Court also cautioned Plaintiff that if he failed to comply with the Court's Order by filing an amended complaint within that time, the Court would dismiss his case. (*Id.* at 10–11, citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Two months have passed since the Court issued its March 22, 2022 Order, and nearly two weeks have come and gone since Plaintiff's amended complaint was due. But to date, Plaintiff has not filed an amended complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's March 25, 2022 Order (ECF No. 9). The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

**DATED: June 7, 2022**

Hon. Cynthia Bashant
United States District Judge